REVISED February 11, 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2011

Lyle W. Cayce
Clerk

No. 10-20382
Summary Calendar

CONSTANTIN G. IOANNIDES,

Plaintiff-Appellant,

v.

UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER; JOHN
MENDELSOHN; DAVID GERSHENSON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1988

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this appeal, Constantine Ioannides ("Ioannides"), a former employee at
the University of Texas M.D. Anderson Cancer Center, argues that the district
court erred by granting summary judgment to the Defendants-Appellees
("University"). The district court concluded that Ioannides's claim under 42

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. § 1983 failed because as a matter of law, the University did not violate Ioannides's due process rights. We agree.

The University initially hired Ioannides as a visiting scientist in a non-tenure track position. Subsequently, the University offered Ioannides two separate seven-year term appointments. A year before Ioannides's second term expired, the school offered him a one-year contract, which extended his employment until August 2008. The school sought to end Ioannides's tenure because the administration had learned, among other things, that: (1) Ioannides had falsely claimed funding for a project listed on his curriculum vitae; and (2) Ioannides had not obtained any new grants or funding since 2001. Ioannides initiated an administrative appeal and the school's president delayed Ioannides's termination, offering Ioannides another one-year appointment. Renewal of this contract depended on Ioannides obtaining grants or funding equal to at least thirty percent of his salary. Ioannides failed to obtain the money, and in July 2009, the University notified Ioannides that his employment would end when the contract expired in January 2010.

Ioannides sued his former employer, arguing that the University had violated his property interests under the Fifth and Fourteenth Amendments by terminating him. The University moved for summary judgment arguing, among other things, that Ioannides was not deprived of his due process rights. The district court agreed, concluding that University officials had afforded Ioannides an opportunity to contest, and appeal, the school's termination decision. The district court also found that Ioannides's substantive due process rights were not violated because the University's decision to terminate Ioannides was reasonably related to a legitimate governmental interest.

We review a district court's summary judgment ruling de novo. Whiting v. Univ. of S. Miss., 451 F.3d 339, 343 (5th Cir. 2006). Under the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the pleadings and

discovery materials demonstrate "that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). Facts and inferences reasonably drawn from the record are considered in the light most favorable to the non-moving party. Whiting, 451 F.3d at 343.

Under the Fifth and Fourteenth Amendments, procedural due process guarantees the right to notice and a hearing for a public employee with a property right in his employment. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985); see also Lindquist v. City of Pasadena, Tex., 525 F.3d 383, 388 (5th Cir. 2008). Several months before his contract ended, the University provided Ioannides notice that he would not be re-hired. Ioannides administratively appealed both his performance evaluation and the school's employment decision. During the appeals process, Ioannides was afforded a hearing and the opportunity to individually meet with the school's president. Thus, the University did not violate Ioannides's procedural due process rights.

To state a substantive due process claim, a plaintiff must show that the government's deprivation of property right was either "arbitrary or not reasonably related to a legitimate governmental interest." Williams v. Tex. Tech Univ. Health Scis. Ctr., 6 F.3d 290, 294 (5th Cir. 1993). Ioannides argues that the University terminated him in retaliation for a letter Ioannides had written to an outside organization. This interpretation of the facts is incorrect. From the record, it is clear that the University repeatedly informed Ioannides that he needed to obtain outside funding for his research laboratory. Ioannides failed to do this. In addition, in employee evaluations, University officials told Ioannides that he had not met the school's performance expectations. Thus, the record belies Ioannides's contention that the school had terminated him arbitrarily or in retaliation for his acts.

Ioannides also argues that the district court erred by considering the substantive due process issue sua sponte. Ioannides asserts that in the

3

University's summary judgment brief, the University did not argue for summary judgment as to the substantive due process claim. Ioannides contends this means he was not afforded notice that the district court would consider his substantive due process claim. The record clearly contradicts this allegation. Ioannides correctly notes that at certain points, the University's brief in support of their motion confused procedural due process with substantive due process.[1] Despite this, at other points in the University's brief, the school clearly explained that officials had terminated Ioannides because he failed to secure funding. And, in its reply brief, the University discussed the correct legal standard for a substantive due process claim and argued why Ioannides's termination was reasonable. More importantly, Ioannides's response, in which he argued about the substantive due process issue at length, demonstrates that Ioannides knew the substantive due process issue could be considered by the district court. Thus, both parties raised and argued the substantive due process claim and the district court did not err by considering the issue.

We AFFIRM the district court's order because there are no material questions of fact as to whether the University violated Ioannides's procedural or substantive due process rights.

---

[1] For example, on page 13 of their brief in support of the motion, the University stated: "At every turn, Dr. Ioannides was given fair notice and an opportunity to be heard and thus, was afforded substantive due process as a matter of law."